# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| ANN I. TAYLOR, et al., | ) Case No. 1:08-CV-01927 |
| Plaintiffs, | ) Judge Donald C. Nugent |
| vs. | ) **STIPULATED PROTECTIVE ORDER** |
| KEYCORP, et al., | ) |
| Defendants. | ) |

The parties to this action, by and through their respective attorneys and subject to confirmation by order of the Court, hereby stipulate as follows:

1. The parties agree that the litigation of the above-entitled action may include the disclosure of information that a party considers to be confidential, proprietary, competitively sensitive, or trade secret information. It is the parties' intention to provide a mechanism by which full discovery of all relevant information may be obtained in a manner which protects each party from the risk of disclosure of information that it deems confidential to third parties.

2. The term "Confidential Information" as used herein shall mean any document, testimony, or thing which is designated by a party as either "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY" as provided in this Protective Order.

3. The parties stipulate that any party hereto may designate documents or written discovery responses as "CONFIDENTIAL" or "CONFIDENTIAL – LAWYERS ONLY," provided such designation is stamped on the documents and/or made in writing either concurrently with the production of such documents, or within twenty (20) days thereafter to all counsel of record. Further, any party to this Order may designate portions of a deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL – LAWYERS ONLY," provided such designation is made on the record during the deposition or by written notification to all counsel of record within ten (10) days of the receipt of the transcript. A party making such designation shall be referred to herein as the "Designating Party." A party receiving such Confidential Information shall be referred to herein as the "Receiving Party." Any party not in agreement with the designation of testimony, written discovery responses, documents or other information as "CONFIDENTIAL" or "CONFIDENTIAL – LAWYERS ONLY" may seek a court order modifying or nullifying that designation.

4. The designation of Confidential Information pursuant to this Protective Order shall not be construed as a concession by the Designating Party that such information is relevant, material, or admissible as to any issue. Nothing in this Protective Order shall be construed as waiving any objection to the production of evidence or to discovery requests, nor shall this Protective Order be construed to require the production of any particular testimony, documents, evidence or other information. The failure of any party to seek an order challenging a confidential designation shall not be deemed a concession by the party that document or testimony designated "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY" is in fact appropriately designated as such.

5. Confidential Information shall be segregated and maintained in a safe and secure manner at the premises and under the direct control of counsel for the Receiving Party, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Protective Order.

6. Confidential Information may be used by the Receiving Party for purposes of this Action only and for no other purpose.

7. This Order shall be without prejudice to the right of a Designating Party to seek additional protection for any Confidential Information and of a Receiving Party to seek more limited protection or removal of protection for Confidential Information.

8. Confidential information shall be disclosed only to:

    a. The parties;

    b. This Court and any court to which an appeal might lie, including court personnel;

    c. Outside litigation counsel for the Receiving Party, together with their respective associate attorneys and office personnel employed or engaged in the preparation for, or aiding in the trial of, the Action;

    d. Outside vendors who perform microfiching, photocopying, computer classification, or similar clerical functions, but only for so long as and to the extent necessary to perform those services;

    e. Court reporters and other persons engaged in preparing transcripts of testimony of hearings in the Action;

    f. Outside consultants or experts retained by counsel in connection with the Action, whether or not retained to testify at trial;

    g. Witnesses at any deposition in or trial of the Action;

    h. Inside counsel for the Receiving Party or their parent corporations, together with their respective associate attorneys and office personnel; and

    i. Any other persons to whom the Designating Party agrees in writing.

  9. A person or entity identified in Paragraphs 8(d), 8(e), or 8(f) above shall have access to Confidential Information only if (a) disclosure may assist in the preparation of the prosecution of the Action; (b) such person is provided with a copy of this Order; and (c) such person certifies that he or she has carefully read the Order and fully understands and agrees to be bound by it by signing a certificate in the form annexed hereto as Exhibit A. Counsel making such disclosure to any such person shall keep the original of each executed declaration.

  10. In the event that a party designates information as "CONFIDENTIAL -- LAWYERS ONLY," the information shall be treated the same as and shall be subject to the same procedures as set forth in this Protective Order for information designated "CONFIDENTIAL," except that such information shall be disclosed only to persons identified in subparagraphs (b)-(i) of Paragraph 8 above.

  11. Persons in the possession of Confidential Information shall not disclose the information contained therein to any other person, except in conformity with this Order.

  12. As set forth herein, the failure to designate certain documents as "CONFIDENTIAL" or "CONFIDENTIAL – LAWYERS ONLY" does not waive and shall not prejudice a party's right to so designate similar material thereafter.

  13. The restrictions against disclosure set forth in this Order shall not apply to material or information that:

    a. Came into the possession of a party or its counsel prior to disclosure without restriction as to use or obligation as to confidentiality;

4

  b. Is developed independently or acquired by a party or its counsel during the course of the Action without restriction as to use or obligation as to confidentiality;

  c. Is made publicly available by the party claiming confidentiality or his or her counsel or is otherwise available to the public; or

  d. Is required by law to be made available without reservation with respect to confidentiality.

  14. Should a party's counsel object to the other party's "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY" designation, the objecting counsel shall notify counsel for the party claiming confidentiality of the objection and the parties shall attempt in good faith to resolve any such objection on an informal basis. If the objection cannot be resolved, the objecting party may apply for appropriate ruling(s) from the Court upon ten (10) days' prior written notice to the other party. If no application is made, the material shall remain confidential. Any document that has been produced and designated "CONFIDENTIAL" or "CONFIDENTIAL — LAWYERS ONLY," but which is subject to a dispute over its confidential designation, shall, until otherwise ordered by the Court, be treated in accordance with its designation.

  15. A party's counsel may make written request to opposing counsel for permission to disclose Confidential Information to persons other than those identified in Paragraphs 8 and 10, indicating the terms under which such disclosure would be made. If no agreement on disclosure or on the appropriate terms of disclosure is reached, the party seeking disclosure may apply to the Court for a determination of whether the document may be disclosed as specified in the request. An agreement by the parties that a document may be disclosed pursuant to this Paragraph shall not be an admission that the

document is or is not confidential or that it is or is not entitled to the full protection from disclosure afforded by this Order in all other respects.

17. Confidential Information that is filed with the Court shall be securely sealed in an envelope and filed with the Clerk of the United States District Court, Northern District of Ohio, and shall remain sealed until further Order of the Court. The envelope containing such Confidential Documents shall be prominently marked with the caption of the Action, an indication of the nature of the contents, and the notation:

**This Envelope Is Sealed And Contains Confidential
Documents And Is To Be Opened Only As Directed
By The Court**

In the event that Confidential Information is used in any court proceeding herein, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required and consistent with the Court's direction in order to protect the confidentiality of the documents during such use.

18. If a party, or its attorney, in possession of Confidential Information receives a subpoena or other form of compulsory process from a non-party to this action seeking production or other disclosure of such information, the party shall immediately give written notice to the undersigned counsel for the Designating Party specifying the information sought and enclosing a copy of the subpoena or other form of compulsory process. In no event shall production or disclosure be made before twenty-one (21) calendar days after giving such notice to counsel for the Designating Party.

19. When a party has reason to believe or learns that Confidential Information may be or has been produced or presented by a non-party in response to a subpoena, the party may designate such information "CONFIDENTIAL" or "CONFIDENTIAL --

6

LAWYERS ONLY."

20. In the event that any Confidential Information is used or disclosed in any hearing, at trial or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

21. This Protective Order does not affect the right of any party to use their own Confidential Information.

22. Within sixty (60) days of the termination of the Action, all Confidential Documents and all copies thereof shall be returned to counsel who produced them or shall be destroyed, which counsel for the Receiving Party shall verify in writing.

23. Prior to trial, the parties will attempt to agree upon a mechanism for the handling of Confidential Information at trial. Failing agreement, Confidential Information shall be handled as directed by the Court.

24. This Order shall remain in full force and effect until modified, superseded or terminated by further order of this Court, and shall survive the termination of this action; provided, however, that this Order may be amended by stipulation between the parties to this action or upon regularly noticed motion to the Court.

AGREED AND APPROVED:

/s/ Edwin J. Mills
Edwin J. Mills
Michael J. Klein
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Phone: (212) 687-7230
Fax: (212) 490-2022

/s/ Samuel K. Rosen
Robert I. Harwood
Samuel K. Rosen
Tanya Korkhov
HARWOOD FEFFER LLP
477 Madison Avenue
New York, NY 10022
Phone: (212) 935-7400
Fax: (212) 753-3630

*Counsel for Plaintiffs*

/s/ James A. Slater Jr.
Daniel Warren (0054595)
Scott C. Holbrook (0073110)
James A. Slater Jr. (0074524)
David A. Carney (0079824)
Gretchen L. Lange (0080857)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East 9th Street
Cleveland, OH 44114-3485
Phone: (216) 621-0200
Fax: (216) 696-0740

*Counsel for Defendants*

IT IS SO ORDERED:

/s/ Donald C. Nugent 3/1/10
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

I have read the Protective Order ("Order") entered by the Court on February ___, 2010 in the United States District Court for the Northern District of Ohio. I understand the responsibilities and obligations the Order imposes on persons viewing the material encompassed by the Order. Pursuant to the Order, I hereby agree to be bound by all the provisions thereof, so as to enable me to view the material encompassed by the Order.

Dated:_____          By: _____

_____, 20__